IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,232-01




EX PARTE GERALD MICHAEL BARRETT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 29357 IN THE 3RD DISTRICT COURT
FROM ANDERSON COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to ten years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that his plea was involuntary and counsel was ineffective because counsel
failed to properly investigate the claims against him. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall obtain a response from Applicant’s trial
counsel regarding Applicant’s claim of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his plea was involuntary and that counsel was ineffective. The trial court shall determine
whether the alleged records from Child Protective Services (CPS), which Applicant claims ruled out
these allegations against him, exist. If the records exist, then the trial court shall determine whether
trial counsel knew about the CPS records, and if so, shall make findings as to whether counsel’s trial
decisions regarding the use or failure to use those records was reasonable. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 25, 2010
Do not publish